```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION
```

| | | |
|---|---|---|
| ROLAND DEWAINE MAYES, | § | |
| TDCJ-CID NO.801905, | § | |
|     Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-07-616 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
|     Respondent. | § | |

## MEMORANDUM AND ORDER ON DISMISSAL

Petitioner Roland Dewaine Mayes, an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 1997 state court felony conviction. (Docket Entry No.1). After considering the entire record and the applicable law, the Court will deny petitioner federal habeas relief for the reasons to follow.

I.    PROCEDURAL HISTORY

Petitioner reports that, on September 24, 1997, he was convicted in the 232nd Criminal District Court of Harris County, Texas, of capital murder in cause number 732148. On January 6, 2000,[1] the conviction was affirmed on direct appeal. <u>Mayes v. State</u>, No. 14-97-01087-CR, 2000 WL 4953 (Tex. App.-Houston [14th Dist.] 2000, no pet.) (opinion not designated for publication). Although petitioner did not file a petition for discretionary review with the Texas Court of Criminal Appeals, his time to do so

---

    [1] Petitioner mis-states the date the Fourteenth Court of Appeals affirmed his conviction. *See* Texas court website www.14thcoa.courts.state.tx.us/Case/Opinions/010600/971087f.PDF

expired thirty days after the appellate court's judgment was entered, on or about February 5, 2000. 28 U.S.C. § 2244(d)(1)(A). Thus, petitioner's conviction became final for purposes of federal habeas corpus review on or about February 5, 2001. See 28 U.S.C. § 2244(d)(1)(A).

On March 9, 2001,[2] petitioner filed his first state application for writ of habeas corpus, which the Texas Court of Criminal Appeals denied without written order on August 14, 2002. (Docket Entry No.1). Petitioner's second state habeas was dismissed for abuse of the writ on August 9, 2006. Texas Court Website.[3] Petitioner filed the pending federal petition for a writ of habeas corpus on or about February 15, 2007.[4] (Docket Entry No.1). Therefore, petitioner's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Lindh v. Murphy, 521 U.S. 320 (1997).

Petitioner seeks federal habeas relief on the following grounds:

---

[2] Information obtained telephonically from a Harris County Deputy Clerk.

[3]   www.cca.courts.state.tx.us/opinions/EventID=2252758

[4] The district clerk actually recorded the petition as filed on February 16, 2007, but petitioner signed and dated the petition on October 26, 2006. The envelope in which petitioner sent his habeas application bears a post-mark date of February 15, 2007. For statute of limitations purposes, the Court treats the date a *pro se* prisoner deposits a federal petition in the mail as the filing date. Fisher v. Johnson, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)).

2

1. He was denied the effective assistance of counsel;

2. The evidence is insufficient to support his conviction and/or he is actually innocent of the offense;

3. The state district court erred by entering an affirmative deadly weapon finding, which conflicted with the jury verdict; and,

4. The jury was not properly instructed about accomplice witness testimony.

(Docket Entry No.1).

II.   STATUTE OF LIMITATIONS

Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> ©   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made

3

>               retroactively applicable to cases on
>               collateral review; or
>
>       (D)     the date on which the factual
>               predicate of the claim or claims
>               presented could have been discovered
>               through the exercise of due
>               diligence.
>
>   (2) The time during which a properly filed
>       application for State post-conviction or other
>       collateral review with respect to the pertinent
>       judgment or claim is pending shall not be
>       counted toward any period of limitation under
>       this subsection.

28 U.S.C. § 2244(d)(1)-(2). The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. <u>Flanagan v. Johnson</u>, 154 F.3d 196, 198 (5th Cir. 1998) (citing <u>Lindh</u>, 521 U.S. 320). Because petitioner's petition was filed well after that date, the one-year limitations period applies to his claims. *See* <u>Flanagan</u>, 154 F.3d at 198.

Although the statute of limitations is an affirmative defense, the courts are authorized to raise such defenses *sua sponte* in habeas actions. <u>Kiser v. Johnson</u>, 163 F.3d 326, 329 (5th Cir. 1999). This Court may therefore properly determine at the outset whether petitioner's petition is timely or not. As noted above, under AEDPA, petitioner's one-year limitation period began on or about February 5, 2000, the last day petitioner could have filed a petition for discretionary review with the Texas Court of Criminal Appeals. That date triggered the one-year limitations period which expired on February 5, 2001. Because petitioner's state application for habeas corpus relief was not filed until March 9,

4

2001, after the expiration of the February 5, 2001 deadline, the tolling provisions found in § 2244(d)(2) do not apply. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period). Petitioner's second habeas petition was filed after the expiration of the limitations period and therefore, did not toll the deadline for filing the pending petition.

Petitioner did not respond to the Court's order directing him to file a written statement addressing the limitations bar and equitable tolling. (Docket Entry no.4). Furthermore, he has not alleged in his pleadings that he was subject to state action that impeded him from filing his petition in a timely manner. 28 U.S.C. § 2244(d)(1)(B). Moreover, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously. 28 U.S.C. § 2244(d)(1)©, (D). Although petitioner is incarcerated and is proceeding without counsel, his ignorance of the law does not excuse his failure to timely file his petition. Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999).

Accordingly, the Court finds that petitioner's federal petition is barred by the AEDPA's one-year limitation period and, therefore, this action is DISMISSED.

III.  CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.; Beazley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Beazley, 242 F.3d at 263 (quoting Slack, 529 U.S. at 484); see also Hernandez v. Johnson, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the

Court's procedural ruling debatable; therefore, a certificate of appealability from this decision will not issue.

IV. <u>CONCLUSION</u>

Accordingly, the Court ORDERS the following:

1. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

2. This cause of action is DISMISSED with prejudice.

3. A certificate of appealability is DENIED.

4. All pending motions, if any, are DENIED.

Signed at Houston, Texas, on _May 5_, 2007.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

7